UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **STA, LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| **APPALACHIAN AUTOMATION** | ) |
| **SPECIALISTS, LLC and** | ) |
| **JOSEPH HAMRICK** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, STA, LLC ("STA" or "Plaintiff"), by and through undersigned counsel, and sues Defendants, Appalachian Automation Specialists, LLC ("AAS") and Joseph Hamrick ("Mr. Hamrick") (collectively "Defendants"), and for its cause of action against them respectfully states as follows:

### I. JURISDICTION AND VENUE

1. The United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides that the district courts have original jurisdiction of civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.

2. For purposes of determining whether diversity jurisdiction exists, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (citing *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732–33 (6th Cir. 2002)). STA is a single member limited liability company. The sole member of STA is Esperia, LLC, a Florida limited liability company. The sole member of Esperia, LLC is

the Dennis M. Liebman Revocable Trust. Dennis M. Liebman is the only shareholder of the Dennis M. Liebman Revocable Trust and Dennis M. Liebman is a citizen and resident of Lee County, Florida. Therefore, STA has the citizenship of Florida. *See Americold Realty Tr. v. Conagra Foods, Inc*., 136 S. Ct. 1012, 194 L. Ed. 2d 71 (2016) (holding that a real estate investment trust possessed the citizenship of all its members and that those members were its shareholders).

3. Defendant AAS is a Tennessee limited liability company with its principal place of business located at 1597 Pressmens Home Rd, Rogersville, Tennessee 37857. The publicly available information for AAS indicates that AAS has two members. *See **Exhibit 1*** (Appalachian Automation Specialists, LLC Filing Information obtained from the Tennessee Secretary of State). Upon information and belief, the members of AAS are citizens and residents of Tennessee. Therefore, AAS appears to have the citizenship of Tennessee. AAS can be served with process via service on its Registered Agent, TriAmicus Law, PLLC, 217 S Peters Rd, Knoxville, Tennessee 37923.

4. Defendant Mr. Hamrick is a resident of Hawkins County, Tennessee. Mr. Hamrick may be served with process at his residence at 1597 Pressmens Home Rd, Rogersville, Tennessee 37857.

5. The parties here are citizens of different states, and, as determined by 28 U.S.C. § 1446(c), the amount in controversy in this case is greater than $75,000.

6. Venue is proper under 28 U.S.C. § 1391(a) because AAS and Mr. Hamrick are residents of Hawkins County, Tennessee. Venue is also proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claim occurred in Hawkins County, Tennessee and in the Northeastern Division of the Eastern District of Tennessee.

4842152.1

## II. FACTUAL INFORMATION

7. STA owns and operates a facility located at 75 Industrial Park Drive, Rogersville, Tennessee 37857 that manufactures packing tape.

8. AAS is an automation firm that provides industrial automation and integration services. AAS also provides maintenance support, training, and consultation work on projects.

9. On July 26, 2019, STA issued Purchase Order Number 417754 to AAS in the amount of $585,124.00. *See* **Exhibit 2** (Purchase Order Number 417754). Pursuant to Purchase Order Number 417754, AAS was contracted to upgrade the drive and software in STA's C4 Industrial Inc. industrial coating machine (hereinafter the "Project").

10. The Quote from AAS associated with the Project was attached to Purchase Order Number 417754 (hereinafter the "Quote"). *See* **Exhibit 2.** Pursuant to the Quote and Purchase Order Number 417754, the Project was to be completed in nine phases and AAS was to be paid at the completion of each phase.

11. Pursuant to the Quote, AAS warranted the quality of its work associated with the Project. *See* **Exhibit 2.**

12. As of the date of this filing, STA has paid AAS $466,480.96 for services associated with the Project. STA has made the following payments:

| AAS Invoice | Invoice Date | Paid | Check No. | Amount | Description |
|---|---|---|---|---|---|
| STA052019-1 | 11/27/2019 | 12/5/2019 | 9005064 | $ 81,139.80 | 20% Phase 1 |
| No Invoice | | 7/26/2019 | 9004611 | $ 324,559.20 | 80% Phase 1 |
| STA4132020 | 5/8/2020 | 5/8/2020 | 9005586 | $ 13,355.70 | Phase 2 Complete |
| STA08212020 | 8/21/2020 | 9/16/2020 | 9005961 | $ 29,618.55 | Phase 9 50% Complete |
| STA022621 | 2/26/2021 | 3/12/2021 | 9006452 | $ 17,807.60 | Phase 5 |
| Amount Paid | | | | $ 466,480.85 | |
| PO Total | | | | $ 585,124.00 | |

13. STA paid all of AAS's invoices associated with the Project within thirty (30) days pursuant to the Quote. To date, AAS has never notified STA that it has not performed any of its

obligations as required by Purchase Order Number 417754 and/or the Quote nor has AAS invoiced STA for any outstanding balance or other unpaid amount.

14. In November 2020, Kevin Weiker, a Maintenance/Project Manager for STA, sent correspondence to Mr. Hamrick reiterating the importance of AAS completing its work by or before the timeframes set forth in Purchase Order Number 417754 and the Quote. *See **Exhibit 3*** (Correspondence dated November 26, 2020).

15. On June 15, 2021, Mr. Hamrick sent STA Accounts Payable Invoice INV.STA.52131 dated June 1, 2021 for $50,550.00. *See **Exhibit 4*** (STA Accounts Payable Invoice INV.STA.52131). The invoice did not include work for Purchase Order Number 417754 and the Quote, but was for other work AAS claimed it performed for STA. The Invoice stated payment was due on June 29, 2021.

16. Mr. Weiker had questions about Invoice INV.STA.52131 and AAS's apparent cessation of work on the Project so Mr. Weiker made several attempts to contact Mr. Hamrick by phone and text message. When Mr. Hamrick did not respond to his calls, Mr. Weiker sent Mr. Hamrick an email dated June 16, 2021 stating, "I have made several attempts to contact you regarding the C-4 upgrade project and this invoice [Invoice INV.STA.52131]. Please contact me as soon as possible to discuss." *See **Exhibit 5*** (Correspondence dated June 16, 2021).

17. Mr. Hamrick responded to Mr. Weiker's email stating, "Please forward any future correspondence to my attorney Mital Patel. I have copied her on this email chain." *See **Exhibit 5***. Mr. Weiker responded to Mr. Hamrick's email stating, "Would you please tell me what is going on?" *See **Exhibit 5***. Mr. Hamrick did not respond to Mr. Weiker's email.

18. AAS has not performed any work associated with the Project since June 6, 2021 despite the work contracted by Purchase Order Number 417754 and the Quote not having been completed.

19. AAS has refused to perform the obligations contracted by Purchase Order Number 417754 and the Quote and it has repudiated and breached its contractual obligations to STA. In addition, AAS and Mr. Hamrick have refused to communicate with STA or to return all funds paid by STA pursuant to Purchase Order Number 417754 and the Quote.

20. Because AAS has breached its contractual obligations to STA, STA cannot use its C4 Industrial Inc. industrial coating machine.

21. As of the date of this filing, AAS has refused to provide STA with what work was completed by AAS associated with the Project.

22. In order to mitigate its damages, STA contracted another vendor to complete the work that AAS was contracted to perform associated with the Project.

23. AAS and Mr. Hamrick have absconded with $466,480.96 of funds that were transferred by STA in trust for contracted work to be performed pursuant to Purchase Order Number 417754 and the Quote.

24. As a result of Defendants' unauthorized and unlawful use of STA's funds and property, Defendants are liable to STA for fraud and misrepresentation, conversion, breach of contract, breach of warranty, negligence and malpractice, and violation of the Tennessee Consumer Protection Act. STA is further entitled to the imposition of a constructive or resulting trust as to the funds paid to AAS for services associated with the Project.

4842152.1

## III. CAUSES OF ACTION

### COUNT ONE- FRAUD AND MISREPRESENTATION

25. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

26. Defendants AAS and Mr. Hamrick intentionally misrepresented to Plaintiff, STA, that funds transferred by STA to AAS and Mr. Hamrick in trust were being used exclusively for services associated with the Project as contracted by Purchase Order Number 417754 and the Quote when they were actually being stolen, embezzled, or used for other means.

27. Defendants AAS and Mr. Hamrick further misrepresented that they would perform all services contracted by Purchase Order Number 417754 and the Quote in a timely and proper manner.

28. Defendants AAS and Mr. Hamrick reasonably relied on the misrepresentations of Defendants AAS and Mr. Hamrick.

29. As a direct and proximate Defendants' misrepresentations, STA has been damaged in an amount to be determined at trial.

### COUNT TWO- CONVERSION

30. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

31. Defendants' conduct of intentionally taking and/or fraudulently misappropriating for Defendants' personal benefit $466,480.96 of STA's funds constitutes an intentional exercise of dominion over STA's property in defiance of STA's rights to the property, and as such constitutes a conversion of STA's property.

4842152.1

32. As a direct and proximate result of Defendants' conversion of STA's property, STA has been damaged in an amount to be determined at trial.

## COUNT THREE- BREACH OF CONTRACT

33. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

34. A valid and enforceable contract was formed when Mr. Hamrick, as a member and/or agent of AAS, sent the Quote that was accepted by Purchase Order Number 417754 on July 26, 2019. Pursuant to Purchase Order Number 417754 and the Quote, AAS was contracted to upgrade the drive and software in STA's C4 Industrial Inc. industrial coating machine and to complete nine (9) different phases by the time periods specified in the Quote.

35. Defendants AAS and Mr. Hamrick breached said contract by failing to upgrade the drive and software in STA's C4 Industrial Inc. industrial coating machine and to complete the nine (9) different phases by the time periods specified in the Quote.

36. Defendants AAS and Mr. Hamrick further breached the contract by refusing to perform any services associated with the Project or to communicate with STA with regard to the status of the Project.

37. As a direct and proximate result of the breach of contract by AAS and Mr. Hamrick, STA has been damaged in an amount to be determined at trial.

## COUNT FOUR- BREACH OF EXPRESS WARRANTY

38. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

39. Pursuant to the Quote, AAS and Mr. Hamrick expressly warranted the quality and timeliness of their work associated with the Project intending to induce STA to purchase their goods and services.

40. STA was, in fact, induced by AAS and Mr. Hamrick express warranties and representations.

41. The warranties and representations were false at the time that they were made.

42. As a direct and proximate result of the breach of express warranty by AAS and Mr. Hamrick, STA has been damaged in an amount to be determined at trial.

## COUNT FIVE- DETRIMENTAL RELIANCE, QUANTUM MERUIT, AND UNJUST ENRICHMENT

43. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

44. Alternatively, STA pleads detrimental reliance, quasi contract, and quantum meruit to prevent unjust enrichment and as a remedy implied by law. Should any agreement between Plaintiff and Defendants be deemed to fail, such failure would result in unjust enrichment entitling Plaintiff to recover damages under detrimental reliance, quantum meruit, and/or under a quasi-contractual theory.

45. Specifically, Defendants have received a benefit, at the expense of Plaintiff, and under the circumstances it would be unjust for Defendants to retain the benefit.

## COUNT FIVE- NEGLIGENCE AND MALPRACTICE

46. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

47. Mr. Hamrick, as a member and/or agent of AAS, owed STA a duty of reasonable care, skill and diligence commonly possessed and exercised by individuals and firms that provide

Page **8** of **11**

4842152.1
Case 2:21-cv-00114-CEA-CRW    Document 1    Filed 07/22/21    Page 8 of 11    PageID #: 8

industrial automation and integration services. Mr. Hamrick's conduct in failing to upgrade the drive and software in STA's C4 Industrial Inc. industrial coating machine, refusing to perform services associated with the Project, and refusing to communicate with STA with regard to the status of the Project constitute a breach of Mr. Hamrick's duty of care, skill, and diligence.

48. Defendants' breach of the duty of care, skill, and diligence has caused STA damages in an amount to be determined at trial.

## COUNT SIX- CONSTRUCTIVE AND RESULTING TRUST

49. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

50. Defendants have wrongfully and illegally withheld STA's property, including, but not limited to, documents relating to services performed by AAS and Mr. Hamrick and funds that were to be used to upgrade the drive and software in STA's C4 Industrial Inc. industrial coating machine and to complete the nine (9) different phases by the time periods specified in the Quote.

51. Accordingly, this Court should impose a constructive or resulting trust, in conjunction with the other relief to which Plaintiff is entitled, allowing Plaintiff to individually hold the right to the funds and documents taken or wrongfully withheld from Plaintiff.

## COUNT SEVEN- VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

52. Plaintiff re-adopts and re-alleges the allegations of the above and foregoing paragraphs.

53. Defendants' actions constitute a violation of the Tennessee Consumer Protection Act (the "Act") as codified in Tenn. Code Ann. § 47-18-101, *et seq.*

54. Unfair or deceptive acts or practices affecting the conduct of any trade or commerce are prohibited by Tenn. Code Ann. § 47-18-104.

55. A private right of action for violations of the Act is provided by Tenn. Code Ann. § 47-18-109 for any person who suffers an ascertainable loss as a result of the use or employment of an unfair or deceptive act or practice. If the unfair or deceptive act or practice was willful or knowing, a court may award treble damages and provide such other relief as it considers necessary and proper.

56. The Act also provides, pursuant to Tenn. Code Ann. § 47-18-109(e)(1), that a court may award reasonable attorney's fees and costs upon finding a violation of the Act.

57. Defendants' actions, as described in the paragraphs above, constitute unfair or deceptive acts and practices. The unfair and deceptive acts and practices were undertaken and performed to induce Plaintiff to continue paying Defendants for services associated with the Project that were not provided, and to deceive Plaintiff from investigating Defendants' fraudulent activities.

58. Defendants' actions, as described in the paragraphs above, constitute violations of T.C.A. § 47-18-104(b)(7) as Mr. Hamrick represented that his services associated with the Project were of an adequate standard or quality when they were actually grossly inadequate and subpar.

59. Defendants' actions, as described in the paragraphs above, further constitute violations of Tenn. Code Ann. § 47-18-104(b)(9) as Mr. Hamrick represented that his services associated with the Project were of an adequate standard or quality despite the fact that he had no intent to provide services associated with the Project of an adequate standard or quality

60. As a result of Defendants' willful violation of the Tennessee Consumer Protection Act, Plaintiff is entitled to treble damages.

WHEREFORE, PREMISES CONSIDERED, and by virtue of the foregoing acts complained of, Plaintiff prays for judgment against Defendants as follows:

1. That this Complaint be served upon Defendants and that they be required to answer the same;

2. That Plaintiff be awarded compensatory damages and consequential damages in an amount be proven at trial, but not less than $466,480.96, as a result of Defendants' fraud, intentional misrepresentation, conversion, breach of contract, breach of express warranty, negligence and malpractice, and unfair and deceptive business practices;

3. That Plaintiff be awarded punitive damages from Defendants as a result of their intentional, fraudulent, and/or reckless conduct, in an amount to be proven at trial, or in the alternative, that Plaintiff be awarded treble damages for Defendants' willful violation of the Tennessee Consumer Protection Act;

4. That Plaintiff be awarded its costs and attorneys' fees incurred in prosecuting this matter, pursuant to Tenn. Code Ann. § 47-18-109(e)(1);

5. That Plaintiff be awarded such other, further and general relief as this Court may deem necessary under the circumstances and as equity requires; and

6. That a jury of six be empaneled in this action for all issues so triable.

Respectfully submitted this 22nd day of July, 2021.

> WOOLF, McCLANE, BRIGHT, ALLEN
> & CARPENTER, PLLC
>
> /s/ C. Gavin Shepherd
> J. Chadwick Hatmaker (BPR No. 018693)
> C. Gavin Shepherd (BPR No. 033066)
> Post Office Box 900
> Knoxville, Tennessee 37901-0900
> (865) 215-1000
> chatmaker@wmbac.com
> gshepherd@wmbac.com
>
> *Attorneys for Plaintiff STA, LLC*